**John H. PIERCE, Plaintiff,**

v.

**REDERI, A/B TRANSATLANTIC, Transatlantic Steamship Company, Ltd., and Furness, Withy & Company, Ltd., Defendants.**

Civ. A. No. 60–109–C.

United States District Court
D. Massachusetts.

Jan. 31, 1962.

See also 191 F.Supp. 220.

George P. Donovan and Leo V. Concannon, Boston, Mass., for plaintiff.

Leo F. Glynn, Boston, Mass., for defendant.

CAFFREY, District Judge.

Defendants filed a motion for directed verdict at the close of plaintiff's case, upon the grounds that the evidence in its aspect most favorable to the plaintiff does not support a cause of action against the defendants. Decision on this motion was reserved and the case was submitted to the jury. The jury returned a verdict for the defendants on Count One (negligence) and a verdict in the amount of $16,000 for the plaintiff on Count Two (unseaworthiness). The defendants then filed a motion for judgment in accordance with the motion for directed verdict. This motion asked that the verdict be set aside on the grounds that (1) the Court should have granted defendants' motion for directed verdict at the close of all the evidence because the plaintiff's evidence was insufficient in law, and (2) all the evidence was insufficient in law to form a basis for a verdict for the plaintiff.

A review of the transcript indicates that there was testimony to the effect that plaintiff was injured when struck by four bales of pulp which were being pulled out of the No. 5 lower hold of the M/S INDIANA, and there was testimony that these four bales had caught on an unprotected flange or rib in the bulkhead of the hold and then had been given an additional tug by the winch to free the load which resulted in the load's moving forward at an accelerated rate when it pulled free of the flange or rib.

There was also testimony from one Anthony Grasso, a "boss longshoreman" of many years experience, that he was of the opinion that it was not proper procedure to stow pulp against a bulkhead without inserting dunnage or some other protective material between the pulp and the bulkhead to insure that the pulp would slide smoothly and not become entangled in the bulkhead.

This evidence was adequate to take the case to the jury and, if believed, afford it a basis for a finding, on Count Two, that the vessel was unseaworthy because of improper stowage.

Both motions are denied.